18091—William L. Symons v. Frederick B. Eichelberger. Motion by defendant to dismiss petition in error. Overruled.

18142—James C. Davis, Agent U. S. Railroad Administration, v. I. N. Price & Co. Motion for an order directing the Court of Appeals of Hamilton county to certify its record. Overruled.

18173—The New Waterford Savings & Banking Co. v. Charles Frank. Motion for an order directing the Court of Appeals of Montgomery county to certify its record. Overruled.

18179—Edward M. Ballard v. State ex rel Campbell, Prosecuting Attorney. Motion for an order directing the Court of Appeals of Hamilton county to certify its record. Dismissed by plaintiff in error at his own costs.

18180—George F. Krug et al v. Mary Roberts et al. Motion for an order directing the Court of Appeals of Montgomery county to certify its record. Overruled.

18180—George F. Krug et al v. Mary Roberts et al. Motion by defendant to dismiss petition in error. Sustained.

18183—The Richland Public Service Co. v. Reno Cicolona. Motion for an order directing the Court of Appeals of Richland county to certify its record. Overruled.

18184—R. R. Maxwell v. Edwin D. Ford. Motion for an order directing the Court of Appeals of Richland county to certify its record. Sustained.

18193—Albert J. Schuholz v. Anna Walker et al. Motion for an order directing the Court of Appeals of Hamilton county to certify its record. Sustained.

18197—The Acorn Supply Co. v. The Ohio Seamless Tube Co. Motion for an order directing the Court of Appeals of Richland county to certify its record. Overruled.

18198—Mary M. Gehring v. The Schuster Co. et al. Motion for an order directing the Court of Appeals of Geauga county to certify its record. Overruled.

18198—Mary M. Gehring v. The Schuster Co. et al. Motion by defendant to dismiss petition in error. Sustained.

18199—Wm. E. Burneson et al. v. Anna Traver et al. Motion for an order directing the Court of Appeals of Richland county to certify its record. Overruled.

18211—The Union News Co. v. Ella G. Freeborn. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Sustained.

18219—The Trumbull Cliffs Furnace Co. v. Joseph Shockovsky. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Sustained.

## SYLLABI OF CASES DECIDED LAST WEEK

### No. 1

COSTAKIS v. YORKVILLE (Vil.)

874.—ORDINANCES—The provisions of 4224 G.C. as to reading, voting upon and seconding municipal ordinances in passing them, are mandatory.

2. If minutes show that by three-fourths vote, the three readings on different days was dispensed with, and three readings same day be permitted, statute is complied with although not referred to.

No. 17855—Steve Costakis v. Village of Yorkville. Error to the Court of Appeals of Jefferson county. See p. 4.

MARSHALL, C. J.

1. The provisions of Section 4224, General Code, requiring that a municipal council shall not pass an ordinance of a general nature unless it has been fully and distinctly read on three different days, and that such rule can only be dispensed with by a three-fourths vote of all members elected thereto taken by yeas and nays entered on journal, are mandatory.

2. In order to dispense with that rule of the statute and permit the three readings on the same day it is a substantial and sufficient compliance with the statute if the minutes entered on the journal show that by a three-fourths vote of all members elected to such council the requirement of reading on three different days was dispensed with, and that three readings on the same day be permitted, though it does not appear that any reference whatever was made to the statute.

Judgment affirmed.

Wanamaker, Robinson, Jones, Matthias, Day and Allen, JJ., concur.

### No. 2

SCOTT and SCOTT v. COLUMBUS (City)

No. 18025—Daisy M. Scott and Annie Neil Scott v. The City of Columbus, Ohio. Error to Court of Appeals of Franklin county. See p. 4.

93. APPROPRIATION—Separate owners of separate tracts of land, entitled to appraisal separately, but may be waived—Appearing of separate owners in answer to application to appraise tracts as a whole, and offering no separate evidence as to value of the tracts until after jury assesses in a lump sum, is such a waiver.

ALLEN, J.

1. Under Section 19, Article 1, of the Ohio Constitution, and within the due process clause

## OHIO SUPREME COURT—Continued

of the Fourteenth Amendment to the United States Constitution, and under Section 3687, General Code, the separate owners of separate tracts of land which are being sought in appropriation proceedings by a municipal corporation, are entitled to have their separate tracts of land assessed separately and not in a lump sum. This right may be waived.

2. In an appropriation proceeding brought by a municipality under Chapter I, Division II, Title XII, General Code, application was made to appropriate two separate adjacent tracts of land owned by separate owners as if they comprised one tract owned by joint owners, and trial proceeded on that theory. The owners appeared at the trial and themselves offered evidence as to the value of the two tracts as a whole, and tendered no evidence as to the value of the separate tracts, making no objection that the two tracts should be valued separately until after an assessment of the value of the two tracts was made in a lump sum by the jury. Such action amounts to a waiver of the right to question the proceedings.

Judgment affirmed.

Marshall, C. J., Wanamaker, Jones, Matthias and Day, JJ., concur.